MARC E. MAYER (SBN 190969)
  mem@msk.com
JAMES D. BERKLEY (SBN 347919)
  jdb@msk.com
CONSTANCE C. KANG (SBN 341622)
  cck@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff
Cognosphere Pte Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGNOSPHERE PTE LTD., | CASE NO. 2:25-cv-05143 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **Demand For Jury Trial** |
| ALFREDO LOPEZ, an individual residing in the State of California, | |
| Defendant. | |

Mitchell
Silberberg &
Knupp LLP

20707152.6

**COMPLAINT**

1    Plaintiff Cognosphere Pte. Ltd. ("Plaintiff") by and through its attorneys,

2    alleges as follows:

3                              **INTRODUCTION**

4        1.    This is an action for damages, and injunction, and other appropriate

5    relief arising out of defendant Alfredo Lopez's ("Defendant") willful violations of

6    Plaintiff's exclusive rights under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

7        2.    As detailed more fully below, Defendant has capitalized on the

8    immense popularity and demand for Plaintiff's video game *Honkai: Star Rail* (the

9    "HSR Game") by improperly leaking unreleased content of Version 3.2 of that

10   game ("*Star Rail 3.2*") before its scheduled public release date without Plaintiff's

11   consent.  By doing so, Defendant usurped Plaintiff's exclusive rights in *Star Rail*

12   *3.2* and disrupted Plaintiff's ability to control the timing and manner in which it

13   was introduced to the public.

14                             **THE PARTIES**

15       3.    Plaintiff is a private limited company headquartered in and organized

16   under the laws of Singapore.  Plaintiff does business under the name "HoYoverse."

17       4.    Plaintiff is informed and believes, and on that basis alleges, that

18   Defendant is an individual residing in Los Angeles County, California.

19                       **JURISDICTION AND VENUE**

20       5.    The Court has federal question jurisdiction pursuant to 28 U.S.C.

21   Sections 1331 and 1338(a) as this action arises under the Copyright Act, 17 U.S.C.

22   § 101 *et seq.*

23       6.    The Court has personal jurisdiction over Defendant because Plaintiff

24   is informed and believes, and on that basis alleges, that Defendant is a resident of

25   the State of California.

26       7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

27   and 1400 because Plaintiff is informed and believes, and on that basis alleges, that

28

Mitchell
Silberberg &
Knupp LLP
20707152.6

                                    2

1  Defendant resides in this judicial district and a substantial part of the events giving

2  rise to Plaintiff's claims occurred in this judicial district.

3  <u>**FACTS APPLICABLE TO ALL CAUSES OF ACTION**</u>

4  <u>**Plaintiff and Its Business**</u>

5  8.    Plaintiff is a widely recognized video game company.  Plaintiff does

6  business internationally as "HoYoverse" and provides videogame services to a

7  worldwide audience, including in the United States.  The highly successful HSR

8  Game was originally developed by Shanghai miHoYo Haiyuancheng Technology

9  Co., Ltd. (the "Developer").  Plaintiff is the exclusive licensee of the HSR Game

10 and has the right to distribute and publish the HSR Game in the United States and

11 many other regions.

12 9.    Plaintiff has built its popularity and market achievements through

13 substantial creative and financial investments in the marketing of new video games

14 and products.  Plaintiff's games take years and millions of dollars to develop.

15 From there, Plaintiff plans and coordinates a business and marketing strategy for

16 releasing the game to the public.  Plaintiff also coordinates and oversees the release

17 of frequent "updates" for the games it publishes and distributes.  These updates

18 typically introduce substantial new creative content and gameplay experiences, and

19 receive widespread attention from the public and press. One of the most important

20 decisions made by Plaintiff concerning a game update is its "release date" (or

21 "street date"), which is the first day that it is available to the public, as well as the

22 timing of the marketing campaign leading up to the release of the update.

23 10.   Because of the immense popularity of Plaintiff's games, Plaintiff

24 takes steps to ensure that consumers in the United States may have access to

25 updates of its games on the pre-announced release date, and not earlier.  Preserving

26 a single release date and the timing for Plaintiff's marketing campaign is extremely

27 important, because many consumers have waited months to access and play the

28 updated game, and are excited to be among the first to play the game in the latest

official version.  If the content in the update is made available to some consumers before the commencement of Plaintiff's marketing campaign and/or the release date, then consumers who have waited may have the game "spoiled" for them. Additionally, when people who have unfairly or unlawfully obtained a game update before its release date post videos, images, or engage in online chatter about their experience with the game, this dampens the excitement and anticipation that many players feel when they obtain the update legitimately upon its official release, which further harms the user experience that the Plaintiff strives to protect.

### The HSR Game and *Star Rail 3.2*

11.    The HSR Game, *Honkai: Star Rail*, is one of several highly popular video games in Plaintiff's catalog.  Initially released in 2023 and available for multiple platforms (including iOS, Android, PC, and PlayStation 5), the HSR Game is an installment in Plaintiff's larger *Honkai* franchise.  The HSR Game has received numerous awards, including "Best Mobile Game" at The Game Awards 2023, and, according to news reports, has been downloaded more than 1 million times in the U.S. alone.

12.    Plaintiff periodically releases updates of the HSR Game, which are scheduled in advance and eagerly awaited by the public.  The highly-anticipated release of *Star Rail 3.2* was officially announced to the public by Plaintiff on March 28, 2025, and released on April 8, 2025.

13.    Through its license from the Developer, Plaintiff, as publisher of the HSR Game for territories including the United States, is the exclusive licensee of all rights under copyright in the United States for *Star Rail 3.2*, as well as for previous releases and updates of the HSR Game.  Attached hereto as **Exhibit 1** is a true and correct list of U.S. copyright registrations for the HSR Game and all updated versions thereof, including for *Star Rail 3.2*.

Mitchell
Silberberg &
Knupp LLP

20707152.6

**Defendant's Unlawful Conduct**

14.    Upon information and belief, on or around March 18, 2025, after obtaining access to unreleased *Star Rail 3.2* game materials, Defendant, using the screenname "!Exciter98", publicly streamed (*i.e.,* transmitted by video) confidential pre-release footage of *Star Rail 3.2* in a channel named "LEAKS: Leaks VC" on the Discord social media platform.  A still image from that stream, reflecting original game elements made available only in *Star Rail 3.2*, is shown in the screenshot attached hereto as **Exhibit 2**.

15.    On information and belief, on or around March 18, 2025 and March 19, 2025, Defendant, using the screenname "!Exciter98", also publicly distributed on the Discord social media platform footage of a confidential in-game character build.  That footage, which reflects original game elements made available only in *Star Rail 3.2*, is shown in the screenshot attached hereto as **Exhibit 3**.

16.    The examples provided above are representative of extensive video transmissions on the Discord platform by the same account, "!Exciter98", each of which included substantial unreleased creative content from *Star Rail 3.2*.  Plaintiff has reason to believe, and on that basis alleges, that "!Exciter98" is Defendant Lopez, and that at the time of these acts, Defendant understood that *Star Rail 3.2*, including the materials in his transmissions, had not been released to the public and was intended to remain confidential.

17.    Plaintiff has never authorized Defendant to reproduce, display, distribute, or otherwise use any of Plaintiff's copyrighted works—including, but not limited to, *Star Rail 3.2*—in any manner.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement**

18.    Plaintiff incorporates the factual allegations in Paragraphs 1–17 as if fully set forth herein.

Mitchell
Silberberg &
Knupp LLP

20707152.6

**COMPLAINT**

19.    The HSR Game, including *Star Rail 3.2*, is an original work of authorship and constitutes copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*. Plaintiff's copyright in *Star Rail 3.2* includes and encompasses all of the original creative materials that Plaintiff added to and incorporated into the HSR Game in *Star Rail 3.2*.

20.    Plaintiff is the exclusive licensee in the United States of all rights under copyright in *Star Rail 3.2*, which has been duly registered with the U.S. Copyright Office as reflected in Exhibit 1.

21.    Plaintiff is informed and believes, and on that basis alleges, that Defendant obtained access to and then, without Plaintiff's authorization or consent, streamed and distributed online copyrighted content from *Star Rail 3.2*, including original content in *Star Rail 3.2* that was, at that time, unreleased to the public.  In doing so, Defendant violated Plaintiff's exclusive rights of reproduction, public display, adaptation, and/or public performance under the Copyright Act, 17 U.S.C. §§ 106 and 501.

22.    Plaintiff is informed and believes, and on that basis alleges, that Defendant's acts of infringement have been willful, intentional, and/or in reckless disregard of Plaintiff's exclusive copyright rights.

23.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyright rights, Plaintiff has suffered and is entitled to recover its actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial.

24.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages available in the amount of $150,000, or in such other amount as may be proper, pursuant to 17 U.S.C. § 504(c).

25.    Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

26.     Defendant's infringing acts have caused, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot be fully measured or compensated monetarily.  Plaintiff has no adequate remedy at law and is entitled to a permanent injunction prohibiting any further infringement of Plaintiff's exclusive rights under the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A.     An order entering judgment in favor of Plaintiff, and against Defendant, on all claims;

B.     An award of Plaintiff's actual damages and Defendant's profits for copyright infringement, pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial;

C.     In the alternative to actual damages and profits for copyright infringement, an award of statutory damages pursuant to 17 U.S.C. § 504(c), which election Plaintiff will make prior to the final entry of judgment;

D.     An award of the costs and expenses that Plaintiff incurred in this action, including its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

E.     Pre-judgment and post-judgment interest;

F.     A permanent injunction enjoining Defendant (and all those in active concert or participation with Defendant) from reproducing, displaying, offering for sale, selling, distributing, or otherwise using or infringing any of Plaintiff's copyrighted works, including, but not limited to, the HSR Game and any version or unreleased content thereof;

G.     An order requiring Defendant to destroy all unauthorized and/or infringing Plaintiff's products in his possession pursuant to 17 U.S.C. § 503; and

H.     An award for such other and further relief as the Court may deem just and equitable.

1    DATED:  JUNE 6, 2025                MARC E. MAYER
2                                        JAMES D. BERKLEY
                                         CONSTANCE C. KANG
3                                        MITCHELL SILBERBERG & KNUPP LLP

4
5                                        By: */s/ Marc E. Mayer*
                                             Marc E. Mayer (SBN 190969)
6                                            James D. Berkley (SBN 347919)
                                             Constance C. Kang (SBN 341622)
7                                            Attorneys for Plaintiff
                                             Cognosphere Pte Ltd.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20707152.6

**COMPLAINT**

1

## **JURY DEMAND**

2

Cognosphere Pte Ltd. demands a trial by jury on all issues so triable.

3

4    DATED:  JUNE 6, 2025              MARC E. MAYER
                                       JAMES D. BERKLEY
5                                      CONSTANCE C. KANG
                                       MITCHELL SILBERBERG & KNUPP LLP
6

7

8                                      By: */s/ Marc E. Mayer*
                                           Marc E. Mayer (SBN 190969
9                                          James D. Berkley (SBN 347919)
                                           Constance C. Kang (SBN 341622)
10                                         Attorneys for Plaintiff
                                           Cognosphere Pte Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20707152.6

**COMPLAINT**

# EXHIBIT 1

| Title of Work | Copyright Registration No. | Copyright Claimant |
|---|---|---|
| Honkai: Star Rail Version 1.0 | PA0002458085 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.1 | PAu004216374 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.2 | PAu004219343 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.3 | PAu004224265 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.4 | PAu004231307 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.5 | PAu004235687 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.6 | PAu004240858 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 2.7 | PAu004246602 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 3.0 | PAu004251048 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |
| Honkai: Star Rail Version 3.2 | PAu004260629 | Shanghai miHoYo Haiyuancheng Technology Co., Ltd. |

# EXHIBIT 2



EXHIBIT 3

